IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HERMAN EUGENE SMITH, SR.**                                                           **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 2:13-CV-312-KS-MTP**

**BILL MELCHIONNE,** *et al.*                                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

For the reasons stated below, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [34].

**I. BACKGROUND**

This is a discrimination and retaliation case arising under Title VII and the ADEA. Plaintiff, a 57-year-old African-American man, was employed by Defendant FTS USA, LLC as a cable technician. Defendants Bill Melchionne and John Slayton were his supervisors. Plaintiff alleges that Defendants denied him a promotion because of his race and/or age, instead promoting a 25-year-old white man. Plaintiff also alleges that Defendants subjected him to a series of adverse employment actions after he complained about the denial of promotion. He asserted discrimination and retaliation claims under both Title VII and the ADEA. Defendants filed a Motion to Dismiss [34], which is ripe for review.

**II. DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir.

2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

### A. *Title VII and ADEA Discrimination*

Plaintiff alleges that Defendants denied him a promotion because of his race and/or age. The elements of a Title VII discrimination claim are identical to those of an ADEA discrimination claim. *Brown v. Bunge Corp.*, 207 F.3d 776, 781 (5th Cir. 2000); *Crosby v. Computer Sci. Corp.*, 470 F. App'x 307, 308 (5th Cir. 2012). Cases arising under one statute generally "have value as precedent for cases arising under the other." *Phillips v. S. Bell Tel. & Tel. Co.*, 650 F.2d 655, 658 n. 6 (5th Cir. 1981). To allege a *prima facie* case of discrimination in this context, Plaintiff must plead facts demonstrating "that (1) he was not promoted, (2) he was qualified for the position he sought, (3) he fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of his race." *Autry v. Fort Bend Indep.*

*Sch. Dist.*, 704 F.3d 344, 346-47 (5th Cir. 2013).

Defendants argue that Plaintiff alleged insufficient facts to demonstrate that he was qualified for the promotion. Plaintiff alleged that he "performed his duties in an outstanding and professional manner," and that he "had more experience and seniority [than] the chosen candidate." The Fifth Circuit has found a "relatively spare . . . complaint sufficient to survive a Rule 12(b)(6) motion to dismiss when it contains factual allegations evidencing plaintiff's experience, promotions, and commendations." *Wooten v. McDonald Transit Assocs.*, 775 F.3d 689, 698 (5th Cir. 2015). Even a complaint which contains "few facts" and "admittedly bare allegations" may state "a plausible claim for . . . discrimination to survive a motion to dismiss." *Id.* (citing *Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013)). Plaintiff certainly could have provided more specific facts to support the claim that he was qualified for the promotion to trainer. However, Plaintiff is proceeding *pro se*, and the Court must hold his "complaint 'to less stringent standards than formal pleadings drafted by lawyers.'" *Webb v. Round Rock Indep. Sch. Dist.*, 595 F. App'x 301, 2014 U.S. App. LEXIS 23291, at *3 (5th Cir. Dec. 11, 2014) (quoting *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011)). Therefore, the Court finds Plaintiff's allegations barely sufficient to demonstrate that he was qualified for the promotion.

## B.  *Title VII and ADEA Retaliation*

Plaintiff alleges that Defendants retaliated against him for complaining about the denial of promotion. To sufficiently plead a *prima facie* case of retaliation, Plaintiff must allege: 1) that he participated in an activity protected by Title VII or the ADEA,

(2) that his employer took an adverse employment action against him, and (3) that a causal connection exists between the protected activity and the adverse employment action. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (Title VII); *Holtzclaw v. DSC Communs. Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) (ADEA); *Barrow v. New Orleans S. S. Ass'n*, 10 F.3d 292, 298 (5th Cir. 1994). Defendants argue that Plaintiff failed to plead facts establishing a causal link between his protected activity and the alleged adverse employment actions.

Plaintiff alleged that he was denied promotion in February 2012, and that on February 27, 2012, his supervisor instituted a new policy that effectively denied him the privilege of taking his company vehicle home, while allowing all other employees to do so. According to Plaintiff, the mistreatment continued as his supervisors gave him assignments no other technicians wanted, paid him less than other employees, threatened and intimidated him, and enforced policies/rules more strictly against him than they did against other employees. On June 19, 2012, Plaintiff filed a charge of discrimination with the EEOC. In a supplemental letter to the EEOC which was attached to his Amended Complaint [4-4],he alleged that his supervisor harassed him in a phone conversation on June 23, 2012, after having learned of the EEOC charge.

Temporal proximity between protected activity and an adverse employment action can be enough to satisfy the *prima facie* causation requirement if the events are "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001); *see also Strong v. Univ. Health Care Sys., LLC*, 482 F.3d 802, 808 (5th Cir. 2007) (temporal proximity, while not sufficient by itself to prove "but for"

causation, may be sufficient to state a *prima facie* case). Here, Plaintiff alleged that adverse employment actions began very soon after he complained about being denied the promotion. He also alleged that his supervisor harassed and threatened him within days of his filing a charge of discrimination with the EEOC. Plaintiff certainly could have provided more specific facts to support his allegation that Defendants harassed him because of his protected activity. However, he is proceeding *pro se*, and the Court holds his "complaint 'to less stringent standards than formal pleadings drafted by lawyers.'" *Webb*, 595 F. App'x 301, 2014 U.S. App. LEXIS 23291 at *3. Therefore, the Court finds Plaintiff's allegations barely sufficient to state the causation element of a *prima facie* retaliation claim.

## C.     *Individual Liability*

Defendants Melchionne and Slayton argue that Plaintiff's Title VII and ADEA claims against them must be dismissed because they were not his "employer." The Fifth Circuit "has held that there is no individual liability for employees under Title VII." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002); *see also Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994). Likewise, "the ADEA provides no basis for individual liability for supervisory employees." *Stults v. Conoco*, 76 F.3d 651, 655 (5th Cir. 1996). It is clear from the allegations in Plaintiff's Amended Complaint that Defendants Melchionne and Slayton were not his "employers." Rather, they were Plaintiff's supervisors and employees of Defendant FTS USA, LLC. Accordingly, the Court dismisses Plaintiff's claims against them.

## D.     *State Law Claims*

Finally, Defendants argue that Plaintiff's request for "attorney fees and cost as provided by state law" should be dismissed, as Plaintiff asserted no causes of action arising under state law. Defendants are correct, and the Court dismisses any purported demand for relief under state law. However, the Court notes that this has no bearing on the availability of such relief under applicable federal law.

### III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [34]. The Court grants the motion as to Plaintiff's Title VII and ADEA claims against Defendants Melchionne and Slayton, and as to Plaintiff's demand for fees and costs under state law. The Court denies the motion in all other respects.

SO ORDERED AND ADJUDGED this 28th day of April, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE